WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lionell Samuel by Theresa Daniels, mother and next friend, and Theresa Daniels,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | CIV 04-1310 PCT VAM<br><br>O R D E R |

    This Federal Tort Claims Act case was filed on June 24, 2004 by Theresa Daniels on behalf of her minor son and herself. The complaint alleges that her minor son was sexually abused by a Government employee while attending the Dennehotso Boarding School. (Doc. 1). All parties have consented to proceed before the Magistrate Judge. (Docs. 4, 5). Counsel for plaintiffs and defendant have negotiated a settlement of the case and filed an Emergency Joint Motion for Hearing and Order to Approve Settlement and Dismiss Case. (Doc. 34). All parties agree on the settlement with the exception of one provision which the parties have now asked the Court to resolve.

    In this Motion, the parties state they have reached a settlement agreement which would result in the sum of $450,000 being paid out by defendant. Of the settlement funds, $50,000 in

cash will be funded immediately to cover costs (which counsel estimates at approximately $5,000) with the remainder of the funds going to Theresa Daniels for her injuries.  The sum of $100,000 will be put in a medical care trust to provide medical, psychological treatment and educational expenses for Lionell Samuel until he turns the age of 30.  Since Lionell Samuel is presently 15 years old, this would provide for 15 years of medical, psychological and educational expenses.  The settlement provides for attorney's fees in the amount of $100,000.  This amount is less than the 25% allowed by statute.  Finally, the settlement provides that the United States will purchase an annuity contract from Hartford Life Insurance Company on behalf of Lionell Samuel, which would pay the amount of $527.52 per month for life beginning January 8, 2008 (when Lionell turns 18) and increasing at 3% annually for life and guaranteed for 25 years.  It is this final piece of the settlement which Theresa Daniels objects to.  Ms. Daniels has expressed to the Court her acceptance of all remaining provisions in the settlement but she asks the Court to require the payment of $200,000 in cash to her son when he turns 18 as opposed to the purchase of the annuity which would pay for life.

　　　In the hearing conducted on the approval of the settlement, Ms. Daniels indicated concern over her son's ability to obtain an education and psychological treatment.  The Court explained that this is taken care of in the medical care trust that will be funded with $100,000 available to Lionell until he reaches the age of 30.  Ms. Daniels indicated it is very important to her son that

2

he have a new home and she asks that the Court allow the payment of $200,000 to Lionell on his 18th birthday so that he can build a home of his own.  She further indicated the family is living in a "shack" on the reservation as a result of the hardships of this case.  Ms. Daniels' husband, Lionell's stepfather, also expressed the need for the family to have a different home.  Plaintiffs' attorney believes that Lionell Samuel's interests are best served by purchasing the annuity.

This was filed as an emergency motion because the parties have locked in the purchase of the structured settlement portion of the settlement agreement.  It is necessary that the structured settlement be funded by November 23, 2005 in order to preserve the settlement.  (Doc. 34 at p. 2).  This is a settlement that has been negotiated over several months.

Lionell Samuel was not present at the hearing.  The Court heard from counsel for plaintiffs and defendant and testimony by plaintiff Theresa Daniels.  After carefully considering the testimony of Theresa Daniels as to why her son should receive the $200,000 in cash on his 18th birthday, the Court has decided that the annuity is in the best interests of Lionell Samuel.  The Court finds that the annuity sum should adequately take care of Lionell's living expenses until he can complete his education and begin working.  The Court is concerned that if Lionell received the $200,000 on his 18th birthday, the sum would be spent immediately and not be available to Lionell for his future needs.  The Court finds it is in Lionell's best interests that he receive the annuity as opposed to the cash.

**IT IS THEREFORE ORDERED** granting the Emergency Joint Motion for Hearing and Order to Approve Settlement. (Doc. 34). The Court approves the settlement in the form set forth in the Motion with the $200,000 going to an annuity rather than being paid to Lionell Samuel in cash.

**IT IS FURTHER ORDERED** that the parties shall advise the Court when the settlement has been funded and dismissal may be entered.

DATED this 19th day of October, 2005.

_____
Virginia A. Mathis
United States Magistrate Judge

4